UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN GERONIMO QUEJNAY-SANAN,<br><br>                                   Petitioner,<br><br>v.<br><br>WARDEN, Imperial Regional Detention Facility, et al.,<br><br>                                   Respondents. | Case No.:  26-cv-2918-RSH-SBC<br><br>**ORDER DENYING MOTION TO ENFORCE**<br><br>[ECF No. 9] |

On May 8, 2026, petitioner Esteban Geronimo Quejnay-Sanan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. On May 26, 2026, Respondents filed a return that did not oppose Petitioner's request. ECF No. 6 at 1-2. Later that day, the Court issued an order granting the Petition, and directing the government to "arrange a bond hearing for petitioner Esteban Geronimo Quejnay-Sanan before an immigration court within fourteen (14) days of this order, at which the government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight." ECF No. 7 at 2.

On June 9, 2026, Petitioner timely received a bond hearing before an immigration judge, who denied bond upon finding that "DHS sustained their burden by clear and

convincing evidence to show Respondent is a danger to the community of the United States of America." ECF No. 9 at 2.

On June 29, 2026, Petitioner filed a one-paragraph motion to enforce this Court's prior order. ECF No. 9 at 1. Petitioner alleges that the immigration judge placed undue weight on "charges against me that w[]ere never convictions and w[]ere dropped." *Id.* Petitioner submits a criminal history chart reciting several groups of charges brought between 2022 and 2024, including for assault and battery on a family or household member, armed robbery, assault and battery with a dangerous weapon, and assault and battery on a pregnant victim. *Id.* at 4. According to the documents submitted by Petitioner, all of the charges were ultimately dismissed for failure to prosecute. *Id.* at 5-7.

Respondents oppose the motion to enforce, arguing that Petitioner failed to appeal the denial of his bond to the Board of Immigration Appeals ("BIA") and has thereby failed to exhaust administrative remedies.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted).

26-cv-2918-RSH-SBC

Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order. *See Leonardo*, 646 F.3d at 1161 ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief.").

Here, the Court is not persuaded that the government has failed to comply with the Court's prior order. There is no dispute that the government timely held a bond hearing; that the immigration judge was cognizant of the burden of proof directed by this Court; or that the immigration judge denied bond after concluding that Petitioner's release poses a danger. *See* ECF No. 9 at 2. Petitioner alleges that the immigration judge gave undue weight to Petitioner's numerous, recent charges for violent crimes, but this argument does not establish a failure to comply with the Court's order. The Court declines to act as an appellate administrative tribunal in addressing the merits of this claimed error. Consistent with the Ninth Circuit's ruling in *Leonardo*, the Court requires prudential exhaustion of this claim, and declines to waive that requirement based on a determination of irreparable injury or futility.

//

//

26-cv-2918-RSH-SBC

For the foregoing reasons, Petitioner's motion to enforce [ECF No. 9] is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 29, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-2918-RSH-SBC