UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ESTABAN GERONIMO QUEJNAY-SANAN,

Petitioner,

v.

WARDEN, Imperial Regional Detention Facility, et al.,

Respondents.

Case No.: 26-cv-2918-RSH-SBC

**ORDER DENYING MOTION TO RECONSIDER**

[ECF No. 13]

On May 8, 2026, petitioner Esteban Geronimo Quejnay-Sanan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. On May 26, 2026, the Court issued an order granting the Petition. ECF No. 7. On June 9, 2026, Petitioner received a bond hearing before an immigration judge, who denied bond. ECF No. 9 at 2. On June 29, 2026, Petitioner filed a motion to enforce this Court's prior order. *Id.* at 1. On July 29, 2026, the Court dismissed the motion to enforce based on failure to exhaust administrative remedies. ECF No. 12. On August 13, 2026, Petitioner filed a motion for reconsideration of that dismissal. ECF No. 13.

Reconsideration is an "extraordinary remedy, to be used sparingly[.]" *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (addressing a motion for

reconsideration pursuant to Fed. R. Civ. P. 59(e)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In seeking reconsideration of the Court's order of dismissal, Petitioner argues that exhaustion of remedies through an appeal to the Board of Immigration Appeals ("BIA") should not be required here, because the BIA "cannot decide the constitutional question raised in [the] motion to enforce[,]" "BIA bond appeals usually take six months or more to decide[,]" and "BIA bond appeals are almost all denied." ECF No. 13 at 2-3. The Court disagrees. The BIA could have addressed the claims set forth in the motion to enforce, including Petitioner's claim that the immigration judge improperly applied the burden of proof. *See* ECF Nos. 9 at 1; 13 at 1-2. The Court is not persuaded by Petitioner's arguments regarding the length to decision and rate of success of BIA bond appeals. *See* ECF No. 9 at 1. The Court finds no clear error its prior order and declines to reconsider dismissal of Petitioner's motion to enforce.

For the foregoing reasons, Petitioner's motion to reconsider [ECF No. 13] is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 18, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge